**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

---

**APPEAL NO. 14-3754**

---

**UNITED STATES OF AMERICA,**

**Appellee,**

**vs.**

**RAYMOND BROWN**

**Appellant.**

---

**ON APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

---

# BRIEF FOR THE UNITED STATES

---

**RONALD W. SHARPE**
**UNITED STATES ATTORNEY**

**KIM L. CHISHOLM**
**Assistant United States Attorney**
**5500 Veterans Drive, Suite 260**
**St. Thomas, Virgin Islands 00802-6424**
**Kim.Chisholm@usdoj.gov**
**(340) 774-5757**

**COUNSEL FOR APPELLEE**

# TABLE OF CONTENTS


JURISDICTIONAL STATEMENT ..... 1

I. Subject Matter Jurisdiction ..... 1

II. Appellate Jurisdiction ..... 1

STATEMENT OF ISSUES ..... 2

STATEMENT OF THE CASE ..... 3

I. Procedural History ..... 3

II. Statement of Facts ..... 4

STATEMENT OF RELATED CASES ..... 5

SUMMARY OF ARGUMENT ..... 6

ARGUMENT ..... 6

I. BROWN CANNOT ESTABLISH THAT THE DISTRICT COURT ERRED IN IMPANELLING DUAL JURIES BECAUSE HE CANNOT DEMONSTRATE PLAIN ERROR ..... 6

I1. CURRENT LAW DOES NOT REQUIRE THE DISTRICT COURT TO ELICIT OBJECTIONS OF COUNSEL AFTER THE PRONOUNCEMENT OF SENTENCE ..... 10

CONCLUSION ..... 11

CERTIFICATE OF COMPLIANCE ..... 12

CERTIFICATE OF SERVICE ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Already, LLC v. Nike, Inc.*,
133 S. Ct. 721 (2013) ........................................................................10

*In re Blatstein*,
192 F.3d 88 (3d Cir. 1999) ..................................................................10

*Brown v. Sirmons*,
515 F.3d 1072 (10th Cir. 2008) ..............................................................7

*Johnson v. United States*,
520 U.S. 461 (1997)................................................................................6

*Lambright v. Stewart*,
191 F.3d 1181 (9th Cir. 1999) ................................................................7

*Mack v. Peters*,
80 F.3d 230 (7th Cir. 1996) ....................................................................7

*Massaro v. United States*,
538 U.S. 500 (2003) ................................................................................8

*Puckett v. United States*,
556 U.S. 129 (2009) ................................................................................8

*Strickland v. Washington*,
466 U.S. 668 (1984) ....................................................................8, 9, 10

*United States v. Atkinson*,
297 U.S. 157 (1936)................................................................................6

*United States v. Flores-Mejia*,
759 F.3d 252 (3d Cir. 2014) ..................................................................10

*United States v. Frady*,
456 U.S. 152 (1982)................................................................................7

*United States v. Hayes*,
676 F.2d 1359 (11th Cir. 1982) ....................................................................7

*United States v. Headley*,
923 F.2d 1079 (3d Cir. 1991) ......................................................................8

*United States v. Hedlund*,
815 F.3d 1233 (9th Cir. 2016) ......................................................................7

*United States v. Lewis*,
716 F.2d 16 (1983) ......................................................................................7

*United States v. Olano*,
507 U.S. 725 (1993)......................................................................................6

*United States v. Rimar*,
558 F.2d 1271 (6th Cir. 1977) ......................................................................7

*United States v. Sidman*,
470 F.2d 1158 (9th Cir. 1972) ......................................................................7

U*nited States v. Thornton*,
327 F.3d 268 (3d Cir. 2003) ........................................................................8

*United States v. Young*,
470 U.S. 1 (1985)..........................................................................................7

*U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*,
508 U.S. 439 (1993) ....................................................................................10

**Statutes and Rules**

18 U.S.C. § 3231 ...............................................................................................1

21 U.S.C. § 841(a)(1)...........................................................................................3

21 U.S.C. § 841(b)(1)(A)(ii)(II)...........................................................................3

21 U.S.C. § 841(b)(1)(B)(ii)(II) ....................................................................3

21 U.S.C. § 843(b) ........................................................................................3

21 U.S.C. § 846..............................................................................................3

28 U.S.C. § 1291............................................................................................1

28 U.S.C. § 2255............................................................................................8

US Const. art. III, § 2, cl. 1 ........................................................................10

## JURISDICTIONAL STATEMENT

### I. Subject Matter Jurisdiction

Because the defendant was charged in an indictment with violations of federal criminal law, the district court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231.

### II. Appellate Jurisdiction

Based on the timely filing of a notice of appeal from the order of judgment in a criminal case entered on October 29, 2014, this Court has jurisdiction over this final judgment pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. Whether Brown can establish that the district court committed plain error by impanelling dual juries where there is no error that is plain.

2. Whether Brown concedes in his brief that circuit authority does not require the district court to elicit objections of counsel after the pronouncement of sentence.

## STATEMENT OF THE CASE

### I. Procedural History

On November 7, 2013, a grand jury in the District of the Virgin Islands, Division of St. Thomas and St. John, returned a 69-count Third Superseding Indictment charging Raymond Brown (Brown) and seven codefendants in various counts. Brown was charged in Count One, conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II); Counts 2 and 3, possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii)(II), and 841(b)(1)(B)(ii)(II); and Counts 4-10, use of a communication facility to facilitate a drug crime, in violation of 21 U.S.C. §§ 843(b) and (d)(1) and 18 U.S.C. § 2. App. 32-51.

On March 24, 2014, Brown proceeded to trial on all counts. The district court acquitted him on Counts 2 and 3, and on March 27, the jury convicted Brown of Count 6 only. (DE 629).

On July 31, 2014, the district court imposed a sentence of 48 months of imprisonment, one year of supervised release and a special assessment of $100. (DE 717). On August 27, 2014, Brown filed a Notice of Appeal. (DE 737). The Judgment was entered on October 29, 2014. (DE 753).

## II. Statement of Facts

### A. The Joint Trial with Dual Juries

Prior to jury selection, the following proceeding took place:

THE COURT: This is United States versus Hill and Brown.

The Court has met with counsel in chambers to discuss procedures for selecting two juries to try this matter, one for each defendant.

The Court's concern was that there were two separate conspiracies, no overlap. There are multiple substantive counts, no overlap between the two defendants.

While initially there was an overarching conspiracy, there is none now. And nothing that ties the two defendants together.

Out of an abundance of caution, the Court is inclined to select two juries to hear this matter, and they will be segregated for opening, closing.

And if there is any evidence that clearly only related to one and there is a practicable way to segregate the jury to listen to that testimony, the Court will do so.

Alternatively, the Court may give a curative instruction, as it would in any case where there is joinder and there are counts that only relate to one defendant, and indicate that the testimony with respect to certain exhibits only relate to that one witness – I'm sorry, that one defendant.

The Court has explained this process to counsel and taken the input of counsel and answered counsel's questions, and doesn't believe it has any objection from counsel with the procedure as it just outlined.

Is that the case, Attorney Watlington?

MR. WATLINGTON: Yes. Arturo Watlington. Yes, Your Honor.

> THE COURT: Attorney Mingolla, is that the case?
>
> MR. MINGOLLA: Yes, Your Honor. Joe Mingolla on behalf of ter [sic] hill [sic], and I have no objection to that, Judge.

SA 1-2.[1]

## STATEMENT OF RELATED CASES

*United States v. Walter Hill,* No. 14-4412, is a related case that is pending before this Court.

[1] SA refers to appellee's Supplemental Appendix.

## SUMMARY OF ARGUMENT

1. The district court did not commit plain error in impanelling dual juries because Brown cannot demonstrate error that is plain.

2. The law of this circuit does not require the district court to elicit objections of counsel after the pronouncement of sentence.

## ARGUMENT

### I. BROWN CANNOT ESTABLISH THAT THE DISTRICT COURT ERRED IN IMPANELING DUAL JURIES BECAUSE HE CANNOT ESTABLISH PLAIN ERROR.

#### Standard of Review

It is the defendant's burden to establish plain error. *United States v. Olano*, 507 U.S. 725, 734-35 (1993). To do so, he must prove that (1) the court erred; (2) the error was obvious under the law at the time of review; and (3) the error affected substantial rights, that is, the error affected the outcome of the proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997). If all three elements are established, the Court may, but need not, exercise its discretion to award relief. Id. That discretion should be exercised only in cases where the defendant is "actually innocent" or the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 736, quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936). The "plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those

circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Young*, 470 U.S. 1, 15 (1985), quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982).

**Discussion**

Brown concedes (Br. 10) that he is claiming error for the first time on appeal but seeks to excuse his failure to object to the use of dual juries by alleging ineffective assistance of trial counsel.

Under the plain error standard, this Court must first consider whether the District Court committed an error by convening dual juries. Although an issue of first impression in this circuit, other circuit courts over many years have upheld convictions resulting from the use of dual juries. *See United States v. Hedlund*, 815 F.3d 1233, 1239 (9th Cir. 2016); *Brown v. Sirmons*, 515 F.3d 1072, 1078 (10th Cir. 2008); *Lambright v. Stewart*, 191 F.3d 1181, 1186 (9th Cir. 1999) (en banc); *Mack v. Peters*, 80 F.3d 230, 235 (7th Cir. 1996); *United States v. Lewis*, 716 F.2d 16, 19 (1983); *United States v. Hayes*, 676 F.2d 1359, 1366 (11th Cir. 1982); *United States v. Rimar*, 558 F.2d 1271, 1273 (6th Cir.1977), *cert. denied*, 435 U.S. 922 (1978); *United States v. Sidman*, 470 F.2d 1158, 1167 (9th Cir.1972), *cert. denied*, 409 U.S. 1127 (1973). ("For [a dual jury] trial to be unconstitutional, a defendant tried in such a trial must show some specific, undue prejudice.") Brown does not cite cases to the contrary.

Even if this Court found it improper to impanel dual juries, the error was not plain to the district court or the parties. An error that is plain is "clear or obvious, rather than subject to reasonable dispute," *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *Olano*, 507 U.S. at 734). A trial judge reviewing the cases upholding convictions where dual juries were convened would not have concluded that dual juries are improper or contrary to law. Hence, the ineffective assistance of counsel claim appears to be designed to seek an alternative, and more favorable, standard of review. The standard he selected, however, is unavailing.

This Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal. Such claims are reserved for collateral proceedings pursuant to 28 U.S.C. § 2255, when the record for such claims may properly be developed. *Massaro v. United States*, 538 U.S. 500 (2003); U*nited States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003). There is a very narrow exception to this rule where the existing record establishes actual ineffectiveness. *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

The record here does not establish actual ineffectiveness. The standard for judging a claim of ineffective assistance of counsel was established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant seeking relief on grounds of ineffective assistance of counsel must satisfy two requirements: first, the defendant must show that counsel's performance was

deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id*. at 687. Unless a defendant satisfies his burden of proving both requirements, his claim must be rejected.

Brown's basis for claiming ineffective assistance of counsel is his counsel's failure to object to the employment of dual juries. Because the weight of case authority does not support the proposition that dual juries are improper or unconstitutional, Brown fails the first *Strickland* test. Nor does Brown establish prejudice resulting in an unfair trial. In fact, Brown points to nothing specific other than "confusion when Angelo Negron Beltran was being questioned as to whether the defendant or Walter Hill was the person being referred to. The government had to correct the error on re-direct." Br. 13.

Indeed, the record does not show that Negron-Beltran "confused Raymond Brown and Mr. Hill." Rather, the record only shows misidentification of *counsel* for defendant Brown. The record reflects that Negron-Beltran did not confuse the identities of Raymond Brown and Hill because he was referring to Raymond Brown, who he knew to be "La Catora," at all times during questioning by defense

counsel for Hill. *See* SA 3-10. In sum, Brown cannot show that the misidentification of counsel by one witness affected the outcome of the trial, therefore Brown fails the second prong of the *Strickland* test.

## II. CURRENT LAW DOES NOT REQUIRE THE DISTRICT COURT TO ELICIT OBJECTIONS OF COUNSEL AFTER THE PRONOUNCEMENT OF SENTENCE.

### Standard of Review

The Court exercises plenary review over the question whether it has jurisdiction to consider the appeal. *In re Blatstein*, 192 F.3d 88, 94 (3d Cir. 1999).

### Discussion

Brown seeks to preserve an issue for review (Br. 16) but has not assigned error. The judicial power of federal courts is limited to "cases and controversies." See U.S. CONST. art. III, § 2, cl. 1; *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). A judicial decision rendered in the absence of a case or controversy is advisory, and federal courts lack power to render advisory opinions. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993).

Brown acknowledges this Court's precedence in *United States v. Flores-Mejia*, 759 F.3d 252 (3d Cir. 2014) (*en banc*), that the burden of objecting to sentencing errors remains with the parties. Despite not assigning error or challenging the district court's sentence, he seeks to have the Court overrule its precedence and suggests a "better rule of law." This case does not present a

controversy for this Court to act upon. Accordingly, the sentence should not be disturbed on appeal.

## CONCLUSION

The United States respectfully requests that the judgment and sentence of the district court be affirmed.

Respectfully submitted,

RONALD W. SHARPE
United States Attorney

Dated: August 1, 2016 By: /s/ Kim L. Chisholm
Kim L. Chisholm
Assistant United States Attorney
Telephone: (340) 774-5757
Facsimile: (340) 776-3474
5500 Veterans Drive, Suite 260
St. Thomas, Virgin Islands 00802-6424
Kim.Chisholm@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that I am an Assistant United States Attorney for the District of the Virgin Islands, that I am filing the attached Brief for the United States, and:

1. This brief complies with the length limitations of Fed. R. App. P. 32(a)(7) because:

[X] this brief does not exceed 30 pages in length,

[ ] this brief contains {} words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and thus does not exceed [the 14,000-word limit] OR [the { }word limit requested/granted in this case], or

[ ] this brief uses a monospaced typeface and contains { } lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and thus does not exceed the 1,300-line limit.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using Microsoft Word 2010 word-processing system and:

[X] it is in a proportionally-spaced typeface, namely Times New Roman, that is at least 14 point, or

[ ] it is in a monospaced typeface, namely Courier New 12, having no more than 10 ½ characters per inch.

3. The text of the electronic PDF brief is identical to the text of the paper copies of the brief. The electronic PDF brief has been automatically scanned upon e-mail transmission by a virus detection program, namely a continuously-updated version of Trend Micro OfficeScan Client, and no virus was detected.

Dated: August 1, 2016 By: /s/ Kim L. Chisholm

Kim L. Chisholm
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this brief has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

Ryan Thomas Truskoski, Esq.
Ryan Thomas Truskoski, P.A.
P.O. Box 568005
Orlando, FL 32856-8005

Dated: August 1, 2016

/s/Kim L. Chisholm
Kim L. Chisholm
Assistant United States Attorney